UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL TROUTMAN, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LIEBEL *et al.*, <br><br> Defendants. | CAUSE NO. 3:22-CV-250-DRL-MGG |

OPINION AND ORDER

Michael Troutman, a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding against Director of Religious Services David Liebel "in his official capacity for injunctive relief under the Religious Land Use and Institutionalized Persons Act ["RLUIPA"] to obtain scented prayer oils and a padded prayer rug needed for his religious practice[.]" ECF 26 at 10. Second, he is proceeding on a claim for monetary damages against Deputy Warden Sharon Hawk, Director Liebel, Chaplain Kevin Conklin, Chaplain William Croto, and Mail Room Supervisor Michael Gapski "in their personal capacities for refusing to permit him to order prayer beads and Kufis in October 2020 in violation of the First Amendment[.]" *Id.*[1] Third, he is proceeding on a claim for monetary damages against Director Liebel, Chaplain Ismail Abdul Aleem, Chaplain Conklin, and Chaplain Croto "in their personal capacities for denying him religious items he intended to use during Ramadan in March 2021 in violation of the First

---

[1] The defendants concede Mr. Troutman exhausted this claim before filing this lawsuit and do not seek summary judgment on this claim. ECF 42 at 11 n.5.

Amendment[.]" *Id.* Fourth, he is proceeding on a claim for monetary damages against Director Liebel, Chaplain Aleem, Chaplain Croto, and Chaplain Conklin "in their personal capacities for confiscating his Qur'an and clothing he needed to perform his prayers during a two-week period in March 2021 in violation of the First Amendment[.]" *Id.*

The defendants filed a motion for partial summary judgment, arguing Mr. Troutman did not exhaust some of his claims before filing this lawsuit. ECF 41. Mr. Troutman filed a response, which he titled as a motion to deny the defendants' summary judgment motion, and the defendants filed a reply. ECF 46, 48, 51. Mr. Troutman then filed a sur-response. ECF 53.[2] Mr. Troutman also filed a motion for judicial notice, default judgment, and sanctions, asking the court to take judicial notice of various recent court decisions involving exhaustion, enter default judgment in his favor, and sanction the defendants for filing a frivolous summary judgment motion. ECF 58. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

---

[2] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Nonetheless, the court has reviewed the contents of the sur-response and determines it does not change the outcome of this case.

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an

inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants offer Mr. Troutman's grievance records and an affidavit from the prison's Grievance Specialist. Mr. Troutman filed four grievances relevant to his claims in this action. First, Mr. Troutman filed Grievance 126494, complaining Director Liebel, Chaplain Aleem, and Chaplain Croto confiscated his Qur'an. ECF 43-1 at 7; ECF 43-4. The grievance office responded to Grievance 126494, noting Mr. Troutman's Qur'an had been returned by Chaplain Conklin. ECF 43-1 at 7; ECF 43-5. The defendants agree that, because Mr. Troutman received the relief he requested, he was not required to take any further action to exhaust this grievance.

Second, Mr. Troutman filed Grievance 126542, complaining the defendants confiscated his clothes in retaliation for his Ramadan purchase request. ECF 43-1 at 7; ECF 43-6. The grievance office denied Grievance 126542, concluding Mr. Troutman's clothing had not been confiscated. ECF 43-1 at 7; ECF 43-7. The grievance office never received any appeal from Mr. Troutman regarding its denial of Grievance 126542. ECF 43-1 at 8; ECF 43-3 at 12.

Third, Mr. Troutman filed Grievance 126493, complaining he was denied the purchase of certain items for use during Ramadan, including scented prayer oils, Halal soaps, toothpaste, and a padded prayer rug. ECF 43-1 at 7; ECF 43-8. The grievance office

4

denied Grievance 126493, concluding many of the requested items were available from the commissary. ECF 43-1 at 7; ECF 43-9. The grievance office never received any appeal from Mr. Troutman regarding its denial of Grievance 126493. ECF 43-1 at 8; ECF 43-3 at 12.

Fourth, Mr. Troutman filed Grievance 127591, again complaining he was denied the purchase of a padded prayer rug and requesting he be allowed to purchase a prayer rug online. ECF 43-1 at 8; ECF 43-10. The grievance office denied Grievance 127591, informing Mr. Troutman he could purchase a prayer rug from the commissary. ECF 43-1 at 8; ECF 43-11. The grievance office never received any appeal from Mr. Troutman regarding its denial of Grievance 127591. ECF 43-1 at 8; ECF 43-3 at 12-13.

In his response, Mr. Troutman agrees he never appealed the grievance office's responses to Grievances 126542, 126493, and 127591. ECF 46, 48. The court thus accepts that as undisputed. Instead, Mr. Troutman argues his administrative remedies were unavailable as to these grievances for two reasons. First, Mr. Troutman argues he was unable to appeal these grievances because he never received any receipt or response from the grievance office for these grievances. ECF 46 at 7-12. However, the exhibits provided by Mr. Troutman demonstrate he received responses from the grievance office for each of these grievances. *See* ECF 46-1 at 31, 34, 43. Second, Mr. Troutman argues a "genuine dispute of material fact" exists as to whether he was able to obtain appeal forms from the grievance office. ECF 46 at 7. But Mr. Troutman does not explain why this is a disputed fact. Specifically, he does not explain what attempts he made to obtain an appeal form, or how he was prevented from doing so. The record shows Mr. Troutman was able to

5

fully exhaust several grievances during this time period (ECF 43-3 at 11-13), and he does not explain why he was unable to appeal any of the grievances in question here. His conclusory assertion that there is a "disputed material fact" whether he was able to obtain an appeal form is insufficient to survive summary judgment. *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotations, brackets, and citation omitted).

Accordingly, the undisputed facts show Mr. Troutman exhausted Grievance 126494, but did not exhaust Grievances 126542, 126493, and 127591. The defendants argue that, based on this analysis, Mr. Troutman did not exhaust the majority of his claims in this action. Each of Mr. Troutman's claims will be addressed in turn.

*1. RLUIPA Claim against Director Liebel.*

Mr. Troutman is proceeding against Director Liebel "in his official capacity for injunctive relief under [RLUIPA] to obtain scented prayer oils and a padded prayer rug needed for his religious practice[.]" ECF 26 at 10. Mr. Troutman attempted to exhaust this claim in Grievances 126493 and 127591, but the undisputed facts show he did not fully exhaust either of these grievances. Because Mr. Troutman did not fully exhaust either of these grievances, and he provides no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable, the undisputed facts show

he did not exhaust this claim before filing this lawsuit. Summary judgment is warranted in favor of Director Liebel on this claim.

> 2. *First Amendment claim against Director Liebel, Chaplain Aleem, Chaplain Conklin, and Chaplain Croto for denying religious items in March 2021.*

Mr. Troutman is proceeding against Director Liebel, Chaplain Aleem, Chaplain Conklin, and Chaplain Croto "for denying him religious items he intended to use during Ramadan in March 2021 in violation of the First Amendment[.]" ECF 26 at 10. Specifically, Mr. Troutman alleged the defendants denied him access to scented prayer oils, Halal soaps, toothpaste, and a padded prayer rug throughout Ramadan. *Id.* at 2. Mr. Troutman raised these allegations in Grievances 126493 and 127591. As discussed, the undisputed facts show Mr. Troutman did not fully exhaust either of these grievances. Because Mr. Troutman provides no evidence he submitted any other relevant grievance, or his administrative remedies were in any way unavailable, the undisputed facts show he did not exhaust his available administrative remedies regarding this claim before filing this lawsuit. Summary judgment is warranted in favor of the defendants on this claim.

> 3. *First Amendment claim against Director Liebel, Chaplain Aleem, Chaplain Croto, and Chaplain Conklin for confiscating his Qur'an and clothing in March 2021.*

Mr. Troutman is proceeding against Director Liebel, Chaplain Aleem, Chaplain Croto, and Chaplain Conklin "in their personal capacities for confiscating his Qur'an and clothing he needed to perform his prayers during a two-week period in March 2021 in violation of the First Amendment[.]" ECF 26 at 10. Each sub-claim will be addressed in turn.

Regarding the confiscation of his Qur'an, Mr. Troutman raised this claim in Grievance 126494, in which he alleged the defendants confiscated his Qur'an and the grievance office responded the grievance had been returned by Chaplain Conklin. The defendants concede Mr. Troutman exhausted this claim against Director Liebel, Chaplain Aleem, and Chaplain Croto, but argue he did not exhaust this claim against Chaplain Conklin because Chaplain Conklin was not mentioned in Grievance 126494. However, Grievance 126494 was sufficient to exhaust this claim against all four defendants. Specifically, there is no requirement that Mr. Troutman name each defendant in his grievance. Rather, the exhaustion requirement is designed to provide the prison with notice of the problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Because Grievance 126494 put the prison on notice that Mr. Troutman had a problem regarding the confiscation of his Qur'an, the undisputed facts show Mr. Troutman exhausted this sub-claim against all four defendants. Summary judgment is not warranted in favor of any defendant on this sub-claim.

Regarding the confiscation of his clothing, Mr. Troutman raised this claim in Grievance 126542. The undisputed facts show the grievance office denied Grievance 126542 after concluding Mr. Troutman's clothes had not been confiscated, and Mr. Troutman never appealed that response. Because it is undisputed Mr. Troutman did not fully exhaust Grievance 126542, and Mr. Troutman provides no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable, the undisputed facts show he did not exhaust his available administrative remedies

regarding this sub-claim before filing this lawsuit. Summary judgment is warranted in favor of the defendants on this sub-claim.

For these reasons, the court:

(1) GRANTS summary judgment in favor of the defendants with respect to Mr. Troutman's claims:

    a. against Director Liebel in his official capacity for injunctive relief under the RLUIPA to obtain scented prayer oils and a padded prayer rug needed for his religious practice;

    b. for monetary damages against Director Liebel, Chaplain Aleem, Chaplain Conklin, and Chaplain Croto in their personal capacities for denying him religious items he intended to use during Ramadan in March 2021 in violation of the First Amendment; and

    c. for monetary damages against Director Liebel, Chaplain Aleem, Chaplain Croto, and Chaplain Conklin in their personal capacities for confiscating his clothing he needed to perform his prayers during a two-week period in March 2021 in violation of the First Amendment;

(2) DENIES Mr. Troutman's motion to deny summary judgment (ECF 46);

(3) DENIES Mr. Troutman's motion for default judgment and sanctions (ECF 58); and

(4) REMINDS the parties this case is now proceeding only on Mr. Troutman's remaining two claims:

a. for monetary damages against Deputy Warden Hawk, Director Liebel, Chaplain Conklin, Chaplain Croto, and Mail Room Supervisor Gapski in their personal capacities for refusing to permit him to order prayer beads and Kufis in October 2020 in violation of the First Amendment; and

b. for monetary damages against Director Liebel, Chaplain Aleem, Chaplain Croto, and Chaplain Conklin in their personal capacities for confiscating his Qur'an during a two-week period in March 2021 in violation of the First Amendment.

SO ORDERED.

October 6, 2023                               *s/ Damon R. Leichty*
                                              Judge, United States District Court