UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL TROUTMAN,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-250-DRL-MGG

DAVID LIEBEL *et al.*,

    Defendants.

## OPINION AND ORDER

Michael Troutman, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of the defendants. ECF 60. The court granted summary judgment in favor of the defendants on three of Mr. Troutman's five claims, concluding the undisputed facts showed Mr. Troutman had not exhausted those three claims before filing this lawsuit. ECF 59. In reaching this conclusion, the court found the undisputed facts showed Mr. Troutman had not fully exhausted any of his three grievances, as he did not appeal the grievance office's denial of any of these grievances. *Id.* Additionally, the court found Mr. Troutman had not shown he was prevented from appealing these grievances. *Id.* Specifically, the court noted:

> Mr. Troutman argues a "genuine dispute of material fact" exists as to whether he was able to obtain appeal forms from the grievance office. ECF 46 at 7. But Mr. Troutman does not explain why this is a disputed fact. Specifically, he does not explain what attempts he made to obtain an appeal form, or how he was prevented from doing so. The record shows Mr. Troutman was able to fully exhaust several grievances during this time period (ECF 43-3 at 11-13), and he does not explain why he was unable to appeal any of the grievances in question here. His conclusory assertion that

>there is a "disputed material fact" whether he was able to obtain an appeal form is insufficient to survive summary judgment.

*Id.* at 5-6.

In his motion for reconsideration, Mr. Troutman argues he did explain and provide evidence showing what efforts he made to obtain an appeal form. ECF 60 at 3-6. Specifically, Mr. Troutman argues that, amongst the 94 pages of exhibits he submitted with his response to the summary judgment motion, several pages show he made unsuccessful efforts to obtain an appeal form. *Id.* He now cites to: (1) "Offender Grievance Response Reports" where he checked that he disagreed with the grievance office's response to his grievances and wrote "send appeal" (ECF 46-1 at 31, 34, 43)[1]; (2) a letter he wrote to the "IDOC Grievance Manager" complaining that the Grievance Specialist at Miami Correctional Facility was not timely responding to his grievances or letting him appeal (ECF 46-1 at 54); and (3) his attestation that he has experienced delays in receiving grievance responses and appeal forms (ECF 46-1 at 73). Mr. Troutman argues the court should have interpreted this evidence to show a genuine dispute as to whether he was prevented from obtaining an appeal form.

Here, even assuming the evidence now cited by Mr. Troutman would have shown a genuine dispute as to whether he was prevented from obtaining an appeal form, he has not identified any basis that warrants reconsideration from the court's order granting summary judgment. Specifically, Mr. Troutman was instructed to file a response to the

---

[1] Though Mr. Troutman provides evidence he checked that he disagreed with the grievance office's response to these grievances, he does not allege or provide any evidence he returned the "Offender Grievance Response Report" to the grievance office, as is necessary to request an appeal form.

2

summary judgment motion that included "a citation to evidence supporting each dispute of fact." ECF 44 at 4. In his response to the summary judgment motion, Mr. Troutman supported his argument that "a genuine dispute of material fact" existed as to whether he was able to obtain appeal forms only by citing to a portion of the Grievance Specialist's affidavit. ECF 46 at 7. He did not cite to any of the documents he now claims show a disputed material fact. *See id.* "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008); *see also Litsinger v. Forest River, Inc.*, 536 F. Supp.3d 334, 353 (N.D. Ind. 2021) ("[I]t isn't the court's job to find the needle in the haystack, the truffle in the field, or the Waldo on the page"); Fed. R. Civ. P. 56(c)(1)(A) (parties must "cit[e] to *particular parts of materials* in the record") (emphasis added); N.D. Ind. L.R. 56-1(b)(2)(C) (party must "cit[e] to evidence supporting each dispute of fact"). Mr. Troutman could have cited to this evidence in his response to the summary judgment motion and explained how it creates a genuine dispute of material fact, but he did not do so. Therefore, he has not identified any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); *Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for

reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion).

Thus, Mr. Troutman has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the motion to reconsider (ECF 60) is DENIED.

SO ORDERED.

December 21, 2023                               *s/ Damon R. Leichty*
                                                Judge, United States District Court